# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: July 2, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| ANNEMONE MOHLER, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 16-1404V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; Special |
| AND HUMAN SERVICES, | * | Master's Discretion; Adjusted |
| | * | Hourly Rate; Excessive Time |
| Respondent. | * | Expended; Vague Billing Entries. |
| * * * * * * * * * * * * | | |

Amy A. Senerth, Muller Brazil, LLP, Dresher, PA, for petitioner.
Mallory Browne Openchowski, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 26, 2016, Annemone Mohler ("petitioner"), filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she suffered from polymyalgia rheumatica ("PMR") as a result of an influenza vaccine administered on November 12, 2013. Petition at Preamble. On March 1, 2018, I issued a decision awarding petitioner compensation based on the parties' stipulation. Decision on Stipulation (ECF No. 35).

On May 17, 2018, petitioner filed an application for final attorneys' fees and costs. "Pet. App." (ECF No. 41). Petitioner requested a total of $17,746.50 as reimbursement for attorneys' fees and $4,976.55 as reimbursement for costs. Pet. App. at ¶¶ 3, 4. Thus, petitioner requests a total of $22,723.05 as reimbursement for attorneys' fees and costs. Id. at ¶ 4. In accordance

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version" of the decision. Id. **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

with General Order #9, petitioner's counsel represented that petitioner did not incur any costs in pursuit of this claim. Id.

On May 23, 2018, respondent filed a response to petitioner's motion. Respondent's Response (ECF No. 42). Respondent argued that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Id. at 1. Further, respondent "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id. at 2. Respondent "respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3. Petitioner did not file a reply. This matter is now ripe for adjudication.

### I.     Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(3) (1). Petitioner in this case was awarded compensation pursuant to a stipulation, and therefore she is entitled to an award of reasonable attorneys' fees and costs.

#### A.   Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348. Special masters have "wide discretion in determining the reasonableness" of attorneys' fees and costs, Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994), and may increase or reduce the initial fee award calculation based on specific findings. Avera, 515 F.3d at 1348.

In making reductions, a line-by-line evaluation of the fee application is not required. Wasson, 24 Cl. Ct. at 484, rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Id. Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).

### i. Reasonable Hourly Rate

Petitioner requested the following hourly rates for her counsel:

|  | **2015** | **2016** | **2017** | **2018** |
|---|---|---|---|---|
| **Amy Senerth** | N/A | N/A | $225 | $225 |
| **Clark Hodgson** | N/A | $225 | $225 | N/A |
| **Max Muller** | N/A | $255 | N/A | N/A |
| **Paul Brazil** | $255 | $255 - 275 | $255 | $300 |
| **Paralegals** | N/A | $125 | $125 | $125 |

Pet. App., Exhibit ("Ex.") A.

The requested hourly rates appear overall to be reasonable with the exception of Mr. Hodgson's requested 2016 hourly rate of $225 per hour. Chief Special Master Dorsey has previously awarded Mr. Hodgson a rate of $200 per hour for work performed in 2016. See Peterson v. Sec'y of Health & Human Servs., No. 16-1166V, 2018 WL 2772317 (Fed. Cl. Spec. Mstr. Feb. 26, 2017); see also Clark v. Sec'y of Health & Human Servs., No. 16-1179V, 2018 WL 3031032 (Fed. Cl. Spec. Mstr. April 3, 2018); Stevenson v. Sec'y of Health & Human Servs., No. 16-1179V, 2018 WL 3097723 (Fed. Cl. Spec. Mstr. March 28, 2018). **Thus, I will reduce Mr. Hodgson's rate to $200 per hour for the hours he billed in 2016, resulting in a deduction of $112.50.**

The requested hourly rates for the rest of petitioner's counsel and paralegals are within the range of hourly rates I found reasonable in McCulloch v. Sec'y of Health & Human Servs., No. 09-239V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), and I have previously found the requested hourly rates for 2017 to be reasonable. See Proctor v. Sec'y of Health & Human Servs., No. 16-1412V, 2018 WL 945858 (Fed. Cl. Spec. Mstr. Jan. 26, 2018). As the hourly rates requested by petitioner's counsel and paralegals for 2018 are also within the appropriate McCulloch range for paralegals and attorneys with similar experience, I also find the 2018 requested rates to be reasonable and award them in full.

### ii. Reasonable Hours Expended

The second factor in the lodestar formula is a reasonable number of hours expended. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993); see also, e.g., Shorkey v. Sec'y of Health and Human Servs., No. 15-768V, 2017 WL 2119118 (Fed. Cl. Spec. Mstr. April 21, 2017). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (Fed. Cl. 2008).

It is "well within the special master's discretion to reduce the hours to a number that, in his experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

### a. Excessive Billing

Excessive billing has previously resulted in a reasonable reduction of attorneys' fees. See Tetlock v. Sec'y of Health & Human Servs., No. 10-56V, 2017 WL 5664257 (Fed. Cl. Spec. Mstr. Nov. 1, 2017) (reducing the overall attorneys' fee award by 30 percent due to excessive, duplicative, and vague billing entries); see also Ericzon v. Sec'y of Health & Human Servs., No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan 15, 2016) (reducing the overall attorneys' fee award by 10 percent due to excessive and duplicative billing).

I have reviewed the billing records and invoices submitted with petitioner's motion. The billing entries reflect the nature of each task performed, the amount of time expended, and the person performing each task. However, there are some instances of unreasonable or excessive billing for which I will reduce the amount of fees awarded.

First, on December 29, 2016, counsel billed 0.20 hours for filing a notice of change of address, which I find excessive for such a simple and uncomplicated task. Pet. App. at 5. I will thus reduce the amount of time expended to a more reasonable 0.10 hours. Additionally, petitioner's counsel billed this task at the attorney rate of $225 per hour. Such a task does not require the legal expertise of an attorney and is typically performed by a paralegal. Thus, I will award the requested paralegal rate of $125 per hour for this task. **These adjustments result in a reduction of $32.50.**

Also on December 29, 2016, Ms. Moyers, a paralegal, billed a total of 0.50 hours to draft and file a statement of completion. **I will similarly reduce the hours expended on this task to 0.20 hours, resulting in a reduction of $37.50.**

Finally, counsel billed excessive time for the Joint Notice Not to Seek Review ("JNNSR") in March 2018. Pet. App. at 9. I am skeptical that the work for a simple, two-sentence JNNSR requires five different entries for 1.2 hours of attorney and paralegal time, and a total cost of $180.00. **As this is an unreasonable amount of time associated with the JNNSR, I will only award 0.2 hours at the attorney's rate, which results in a reduction of $135.00.**

### b. Vague Billing Entries

Special masters have previously found it reasonable to decrease an award of attorneys' fees for vagueness. See, e.g., Barry v. Sec'y of Health and Human Servs., No. 12-39V, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016); Bondi v. Sec'y of Health & Human Servs., No. 15-749V, 2016 WL 1212890 (Fed. Cl. Spec. Mstr. Mar. 4, 2016). After reviewing the billing records, I find that counsel included unreasonably vague billing entries. See Pet. App. at

5-7.  For instance, on February 29, 2016, petitioner requests $739.50 for a task simply labeled "Davies."  Pet. App. at 5.  The billing entry provides no information about the task or why it took nearly three hours to complete.  Similarly, an August 12, 2016 entry is simply labeled "Byers" with no further explanation.  Id.  Other vague entries include "to associate re claim prep" on October 1, 2016, and "completeness" on December 12, 2016.  Id.  Such vague entries make it difficult to determine whether some of these tasks are even compensable.  The Muller Brazil firm is cautioned that it may not be compensated for vague billing entries in future motions for attorneys' fees and costs.

### B. Reasonable Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable.  Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).  Petitioner requested a total of $4,976.55 in out-of-pocket expenses.  Pet. App. at 12.  Petitioner's costs include: the filing fee; obtaining medical records; obtaining expert opinions; and a courier service.  See Pet. App. at 13.  The most significant cost is Dr. Gershwin's expert report, totaling $4,250.00.  I have reviewed the submitted invoices, and I find petitioner's costs are sufficiently documented and appear reasonable.  Thus, I will award petitioner's requested costs of $4,976.55 in full.

## II. Conclusion

In accordance with the foregoing, petitioner's application for attorneys' fees and costs is **GRANTED**.  I find that she is entitled to the following reasonable attorneys' fees and costs:

| | |
|---|---:|
| Attorneys' Fees Requested: | $17,746.50 |
| Reduction to hourly rate: | -   $112.50 |
| Reductions for excessive billing: | -   $205.00 |
| **Attorneys' Fees Awarded:** | **$17,429.00** |
| **Attorneys' Costs Awarded** | **$4,976.55** |
| **Total Attorneys' Fees and Costs Awarded:** | **$22,405.05** |

Accordingly, I award the following:

1) **A lump sum in the amount of $22,405.05 representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable jointly to petitioner and her attorney, Amy A. Senerth, of Muller Brazil, LLP. [3]**

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered.  Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir. 1991).

In the absence of a motion for reconsideration or a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[4]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.